76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl E. TRACY, Plaintiff-Appellant,
v.
NATIONAL GUARD CHIEF; Army Reserve Personnel Center; N.
Andre Trudeau, Adjutant General, Rhode Island Ang; Gerald
R. Tipton, Major Judge Advocate General; Stephen P. Kelley,
Colonel, Director of Personnel; James F. Reed, III,
Colonel, Chief of Staff; Lawrence Pezza, Jr.; James T.
Hornstein, Captain, Assistant Staff Judge Advocate,
Defendants-Appellees.
 No. 95-3575.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1996.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Carl E. Tracy appeals a district court judgment dismissing his civil rights complaint filed under the authority enunciated in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971), and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Tracy filed his complaint in the district court alleging that he was deprived of his constitutional rights in his discharge from the Rhode Island Army Reserve National Guard. Plaintiff named the defendant military officials in their official capacities and sought $5,000,000 in unspecified damages and injunctive relief. Defendants moved to dismiss or for summary judgment, and plaintiff moved for summary judgment. The district court granted defendants' motions and dismissed the complaint. Plaintiff filed a timely notice of appeal, and the district court granted plaintiff leave to proceed on appeal in forma pauperis.
 
 
 4
 On appeal, plaintiff contends that defendants are not entitled to immunity because he was a civilian at the time of the actions of which he complains. Defendants respond that plaintiff's claim for money damages is barred by intra-military immunity and sovereign immunity and that the district court lacked jurisdiction over plaintiff's Federal Tort Claims Act claim. Upon consideration, the judgment is affirmed for the reasons stated by the district court in its memorandum opinion and order filed March 29, 1995. Plaintiff's claims clearly are barred under the doctrine enunciated in Feres v. United States, 340 U.S. 135 (1950). See Major v. United States, 835 F.2d 641, 644-45 (6th Cir.1987) (per curiam) ("Feres doctrine ... encompass[es] ... all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military...."), cert. denied, 487 U.S. 1218 (1988).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation